**WO**                                                                                          RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Calvin Neuendorf, II, ) | No. CV 10-607-PHX-RCB (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| State of Arizona, et al., ) | |
| Defendants. ) | |

Pending in this closed case are Plaintiff's "Motion to the Court" (Doc. 5) and lodged Second Amended Complaint (Doc. 6). The Court will deny Plaintiff's Motion and direct the Clerk of Court not to file Plaintiff's lodged Second Amended Complaint.

**I.     Procedural Background**

On March 18, 2010, Plaintiff John Calvin Neuendorf, II, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff did not pay the $350.00 civil action filing fee or file an Application to Proceed *In Forma Pauperis*. By Order filed April 27, 2010 (Doc. 3), the Court gave Plaintiff 30 days from the filing date of the Order to pay the fee or file a completed Application to Proceed *In Forma Pauperis* and a certified six-month trust account statement.

When Plaintiff failed to comply with the Court's April 27, 2010 Order (Doc. 3), the Clerk of Court entered a Judgment of dismissal of this action on June 9, 2010 (Doc. 4).

## II. Motion to the Court

On July 8, 2010, Plaintiff filed a "Motion to the Court" (Doc. 5), in which he asks for "extensions & or the re[]opening and new directives" for this and two other cases.[1] In the present case, where Plaintiff submitted his Motion after entry of judgment, the only appropriate procedural devices are: (1) a motion to alter or amend judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure; or (2) a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure. Here, Plaintiff served his Motion within the 28 days required by Rule 59(e).[2] Accordingly, the Court will construe Plaintiff's Motion as having been brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

In support of his Motion, Plaintiff asserts that he has "tried to compile all information needed for the Court but must ask the Court for leniency in l[ay]man terms." Plaintiff further asserts that he is "in jail with no monies and need[s] to reopen all above cases."

Here, after having considered the foregoing standards, and liberally reviewing the circumstances of Plaintiff's case, the Court's previous Order filed April 27, 2010 (Doc. 3), the record in this case, and Plaintiff's Motion, the Court declines to set aside the Judgment of dismissal entered on June 9, 2010 (Doc. 4) and reopen this case. The Judgment of

---

[1] The two other cases which Plaintiff included in his Motion were Neuendorf v. Unknown Party, CV 10-124-PHX-RCB (DKD), and Neuendorf v. Steinhillber, CV 10-724-PHX-RCB (DKD).

[2] Although the Motion was filed with the Clerk of Court on July 8, 2010, the "Certification" attached to the Motion by Inmate Legal Services of the Maricopa County Sheriff's Office certifies that the Motion was mailed to the Clerk of Court on July 6, 2010. Accordingly, the Motion is deemed filed on July 6, 2010 under the "prison mailbox rule," under which a pleading is deemed "filed" when handed by the prisoner to a prison official for mailing. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

1  dismissal was entered in this action for Plaintiff's failure to comply with the Court's April
2  27, 2010 Order.  Plaintiff does not dispute that he failed to so comply.  Accordingly, the
3  Court will deny Plaintiff's Motion.

4  **III.    Lodged Second Amended Complaint**

5  On July 19, 2010, Plaintiff lodged a Second Amended Complaint (Doc. 6) in this
6  closed case. In light of the denial of Plaintiff's Motion (Doc. 5), the Court will direct the
7  Clerk of Court not to file Plaintiff's lodged Second Amended Complaint.

8  **IT IS ORDERED**:

9  (1)    Plaintiff's "Motion to the Court" (Doc. 5), which the Court **construes** as being
10 brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is **denied**.

11 (2)    The Clerk of Court **must not file** Plaintiff's lodged Second Amended
12 Complaint (Doc. 6).

13 (3)    This case **must remain closed**.

14 DATED this 14th day of September, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

- 3 -